Approved: _____
SIDHARDHA KAMARAJU / JASON M. SWERGOLD
Assistant United States Attorneys

Before:   HONORABLE GABRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :    SEALED COMPLAINT

YIMMI JAFET MONTANO PRECIADO,       :    15 Mag.
NESTOR RODRIGUEZ PAREDES, and       :
ARMANDO RAMOS VALIENTE,             :

                    Defendants.     :

- - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ANDRES MAHECHA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD") and a Task Force Officer with the Department of Homeland Security ("HSI"), and charges as follows:

COUNT ONE

(Conspiracy To Violate Maritime Drug Enforcement Laws)

1. In or about October 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants, who will be first brought to and enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

2.    It was a part and an object of the conspiracy that YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants, and others known and unknown, would and did manufacture and distribute, and possess with intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3.    The controlled substance that YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants, conspired to manufacture and distribute, and possess with intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70506(b) & 70504(b)(1);
Title 18, United States Code, Section 3238.)

COUNT TWO

(Violation of Maritime Drug Enforcement Laws)

4.    In or about October 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants, who will be first brought to and enter the United States in the Southern District of New York, manufactured and distributed, and possessed with intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 46, United States Code, Sections
70503(a)(1), 70504(b)(1), 70506(a);
Title 18, United States Code, Sections 3238 & 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

5.    I am a Detective with the NYPD and Task Force Officer with HSI. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement

2

agents and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

        6.    Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

        a.    HSI has been investigating a Colombian drug cartel (the "Cartel") that sends shipments of cocaine to various points around the world by, among other methods, panga boats or "go-fasts."  In or about October 2015, HSI received information that the Cartel was sending a go-fast carrying a large shipment of cocaine from Colombia.  HSI passed that information on to the United States Coast Guard ("Coast Guard").

        b.    On or about October 16, 2015, a Joint Interagency Task Force South aircraft (the "Aircraft") was on routine patrol approximately 174 nautical miles off the coast of the border between Guatemala and El Salvador.  While there, an occupant of the Aircraft observed what appeared to be a go-fast boat (the "Go-Fast") traveling north.  The Aircraft communicated this information to the United States Coast Guard, which dispatched a Coast Guard vessel (the "Cutter") to intercept the Go-Fast, which was later determined to be named "El Señor Del Mar."

        c.    The Cutter traveled to the area in which the Go-Fast had been reported, and launched its helicopter (the "Helicopter") and its patrol boat (the "Patrol Boat") to intercept the Go-Fast.  The Helicopter arrived on scene and reported packages on the bow of the Go-Fast with no visible indicia of nationality on the Go-Fast.  Upon spotting the Helicopter, the Go-Fast stopped and its crew raised the vessel's outboard engine out of the water.

        d.    After the Go-Fast came to a stop, occupants of the Patrol Boat (the "Boarding Team") boarded the Go-Fast and encountered three individuals, later identified as YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants.  The Boarding Team found that there was no flag flying from the Go-Fast, no registry numbers or homeport on the Go-Fast's, and no registration documents

onboard. The Boarding Team identified what appeared to be a Colombian flag painted on the starboard quarter of the hull with the words "COFIBRA MANTA ECUADOR" painted next to it.

  e. When questioned by the Boarding Team, none of the defendants claimed to be the master of the Go-Fast and the defendants did not make a claim of nationality for the vessel. When asked where the vessel departed from, one of the defendants stated that the Go-Fast had left from Tumaco, Colombia, but still refused to make a claim of nationality for the vessel.

  f. The Coast Guard contacted both Colombian and Ecuadorian authorities. Neither country could confirm or deny the nationality of the Go-Fast. The Coast Guard then authorized the Boarding Team to treat the Go-Fast as without nationality and conduct a full law enforcement boarding.

  g. The Boarding Team seized a total of 16 bales from the Go-Fast. A sample taken from the bales was field-tested, and tested positive for the presence of cocaine. In total, the 16 bales contained approximately 641 kilograms of cocaine.

  WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of YIMMI JAFET MONTANO PRECIADO, NESTOR RODRIGUEZ PAREDES, and ARMANDO RAMOS VALIENTE, the defendants, and that they be imprisoned or bailed, as the case may be.

          _____
          ANDRES MAHECHA
          Detective, NYPD

Sworn to before me this
5th day of November, 2015

_____
HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

4