# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP

Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN

LUCAS ANDERSON

Tel: (212) 571-5500
Fax: (212) 571-5507

April 17, 2017

BY ECF

Hon. Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: United States v. Yimmi Montano-Preciado
         Ind #: 15 Cr. 874 (CM)

Dear Judge McMahon:

    I am the attorney for Yimmi Montano-Preciado, who will come before you for sentence on May 1, 2017 following his plea of guilty to one count of participating in a conspiracy to possess "mixtures and substances containing a detectable amount of cocaine," in violation of 46 U.S.C. § 70503(a)(1) and 70506(a). (See, Information, filed December 30, 2016). Other than as specifically stated herein, the defense has no objection to the factual recitations or Sentencing Guidelines calculations contained in the Probation Report of Probation Officer Michael Fisher ("the "PSR"). By virtue of his plea, Mr. Montano-Preciado is not subject to any mandatory minimum term of imprisonment.[1] (PSR ¶ 63)

    Annexed for the Court's reference as collective Exhibit A are letters from the defendant's wife, Yesenia Carranza Baron; sister, Diana Elizabeth; and mother, Magdedalena Preciado-Estupinan -- both copies of Spanish originals and translations into English. Exhibit B is two handwritten notes drawn and authored by my client's young

---

[1] This Court is accordingly empowered to impose a "reasonable sentence" without regard to a minimum term. See United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) ("To impose a procedurally reasonable sentence, a district court must '(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." The "'substantive reasonableness of the sentence imposed' [] includes looking to the 'totality of the circumstances.'") (quoting United States v. Villafurete, 502 F.3d 204, 206-07 (2d Cir. 2007) and United States v. Gall, 552 U.S. at 38, 51 (2007)).

children. Exhibit C are medical records documenting the medical condition from which my client's children both suffer, retinitis pigmentosa, a degenerative eye condition that ultimately causes blindness. (PSR ¶ 78)[2]

Mr. Montano-Preciado was first arrested October 16, 2015, more than 17 months ago, and has been in continuous custody since. He has no prior criminal history, and in light of his minor role in the offense, as well as the other facts discussed herein, it is submitted that a sentence of time served would be "sufficient, but not greater than necessary" to punish his conduct and to achieve the goals of federal sentencing. 18 U.S.C. § 3553(a)(2).

Mr. Montano-Preciado is 40 years old and a Colombian citizen. He lacks status in the United States, has never been here before, and was arrested aboard a small vessel manned by him and two others off the coast of Guatemala which was transporting 600 kilograms of cocaine.

Notwithstanding his arrest in the midst of transporting cocaine, my client has no prior history of such conduct. Instead, he has worked legitimately to support himself and his family throughout his life. He is a Christian pastor; and also has substantial prior military experience in the Colombian army. (PSR ¶¶ 41-43, 55)

Because he lacks immigration status here, and has no interest in being away from his family for a second longer than he must be, he intends to fully cooperate with the deportation process when he completes his sentence, but it remains quite possible that he will be subject to continued "civil confinement" of indefinite length before deportation.

According to the letters of his family, and the account he gave Probation, Mr. Preciado's family is in desperate straits with him away. His wife notes they married in 2004, and that her husband has been the main support of their children. She states that she currently resides on the border of Venezuela, and that the matters in that country (specifically she is referring to political

---

[2]

According to the National Eye Institute website, retinitis pigmentosa is "a group of rare, genetic disorders that involve a breakdown and loss of cells in the retina," the result of which being that, "[e]ventually most individuals ... will lose most of their sight."

I have annexed the English translation of the Spanish language medical records in this filing. The Spanish copy of the original documents and an un-redacted English translation are being filed under seal for the Court's reference because they contain more complete medical information and confidential contact information.

and economic turmoil) has made things unbearable, including a flow of refugees and increased violence. She concludes by telling your Honor it is really not possible to express to you "in one letter alone" how much she misses her husband, who is the economic and spiritual support of her life.

As for my client, he fully accepts responsibility for having taken part in the crime charged, which was organized and orchestrated by others. It bears emphasizing that Mr. Montano-Preciado is not now -- nor has he ever been -- a serial offender or career drug dealer. To the contrary, this case represents his only arrest, and his personal involvement in the charged crime was minor, both in the practical sense, and within the meaning of Section 3B1.2(b) of the Federal Sentencing Guidelines. (PSR ¶ 25)

In light of these facts, and in consideration of the factors enumerated in § 3553(a), it is submitted that the more than eighteen months Mr. Montano-Preciado has served in federal detention is sufficient to punish him for his involvement in the charged offense and reflect the seriousness of his conduct. *See*, § 3553(a)(2).

A sentence of time served would be well below the advisory Guidelines' recommendation of 87 to 108 months imprisonment. However, such a variance from the drug weight-based Guidelines is especially appropriate in cases such as this, in which the defendant's actual role in the offense is minor and where continued incarceration would fail to provide a benefit to society.

Under the drug offense Guidelines, Mr. Montano-Preciado's base offense level is largely dependent on the amount of cocaine involved in the offense -- a factor entirely determined by others -- rather than by his own relative culpability or extent of his involvement in the crime. *See*, United States v. Dossie, 851 F. Supp. 2d 478, 481 (E.D.N.Y. 2012) (noting that "[d]rug quantity is a poor proxy for culpability generally and for a defendant's role in a drug business in particular.").

Several courts have expressed dissatisfaction with the Guidelines provisions regarding drug trafficking offenses like the instant one.[3] Most expansively, former Judge John Gleeson of the

---

[3] *See*, *e.g.*, United States v. Whigham, 754 F. Supp. 2d 239, 252 (D. Mass. 2010) ("In effect, an outside the guideline sentence may not be optional; it may well be essential to prevent both unwarranted disparity and unwarranted uniformity . . . the courier who carries the drugs from the money to the drug source[] may be treated virtually the same (with minor role adjustments) as the people from whom he is taking direction and who stand to gain millions."); United States v. Leitch, 2013 WL 753445, at * 10 (E.D.N.Y. 2013) (Gleeson, J.) (noting that "low-level drug trafficking defendants who manage to escape mandatory

Eastern District of New York recently noted that the Guidelines' primary focus on drug type and quantity, rather than on the conduct of the defendant, is "not based on empirical data, Commission expertise, or the actual culpability of defendants." United States v. Diaz, 2013 WL 322243, at *1 (E.D.N.Y. 2013). On the topic of the relevance of the Guidelines in such cases, Judge Gleeson wrote about the central importance of what the defendant actually did:

> Right from the start Congress made a mistake. The severe sentences it mandated to punish specified *roles* in drug trafficking offenses were triggered not by role but by drug type and quantity instead. * * * A more useful factor in determining culpability is not quantity, but role. . . . [A] low-level dealer or courier is easily replaceable and does little to advance the overall goals of the drug organization. He or she may be driven to crime by poverty or addiction, problems that can be addressed without incarceration. He or she will be less likely to recidivate in the future; if a term of incarceration is imposed, 'a short prison sentence is just as likely to deter them from future offending as a long prison sentence.'

Id., at ** 5, 13 (Emphasis in the original).[4]

Because the advisory sentence in the instant matter owes more to drug type and weight than it does to the nature of the offender and his actual offense conduct, it fails to provide a sound basis for a reasonable sentence. This is especially true in the case of Mr. Montano-Preciado. While in no way a justification for his actions, he and his wife are struggling to find some way to secure extremely costly medical treatment for their two children before it is too late.

Thus, it is respectfully requested that this Court impose the non-Guidelines sentence of time served in consideration of Mr. Montano-Preciado's personal history and characteristics, including, most notably, the desperate circumstances of his family back home in Colombia, his upright life outside the conduct in this case, and his minor role here. *See*, 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of

---

sentences are subjected to excessively severe Guidelines ranges linked directly to those harsh mandatory sentences." With regard to cases involving couriers, "more than 25 years of application experience demonstrat[es] that the current ranges are not the 'heartlands' the Commission hoped they would become.").

[4] Quoting U.S. Dep't of Justice, Nat'l Inst. Of Justice, *An Analysis of Non-Violent Drug Offenders with Minimal Criminal Histories* 3, 5 (1994).

the United States may receive and consider for the purpose of imposing an appropriate sentence.").

A sentence of time served (after more than eighteen months of detention) will adequately reflect the seriousness of Mr. Montano-Preciado's offense and promote the goals of criminal sentencing as they present themselves in the specific circumstances here. In considering the need for rehabilitation, this Court is respectfully reminded that 18 U.S.C. § 3582(a) provides that "imprisonment is not an appropriate means of promoting correction and rehabilitation." *See also*, Untied States v. Tapia, 564 U.S. 319, 131 S.Ct. 2382 (2011).

A harsh prison sentence is also not necessary to promote deterrence. Mr. Montano-Preciado has never had contact with the criminal justice system before, and as a consequence of his admittedly serious violation of the law, has spent more than eighteen months in crowded and dangerous federal detention facilities thousands of miles away from his home and family.[5]

Finally, the goal of retribution does not comport with a harsh prison sentence, the advisory Guidelines notwithstanding. Indeed, it should be noted that the Guidelines in this case provide for the same base offense level that would be applied to a hardened drug dealer. Because the drug trafficking guidelines are linked to the statutory minimum provisions under 21 U.S.C. § 841(b), rather than to any empirical data or expertise, they utterly fail to provide "a fair sense of retribution." Bannister, 786 F. Supp. 2d at 669-70.

While Mr. Montano-Preciado deserves punishment for his participation in the instant offense, it is submitted that any time in prison beyond the eighteen months he has already been detained would be "greater than necessary," especially in light of the fact that he is likely to be held in civil detention and deported as a consequence of his conviction. Rather than enduring additional punishment for his crime, Mr. Montano-Preciado should instead be allowed to begin the process of removal and to rejoin society in Colombia as soon as possible.

### THE SENTENCING GUIDELINES ARE ADVISORY AND A TIME SERVED SENTENCE WILL SUFFICIENTLY PUNISH AND DETER THE DEFENDANT

Pursuant to specific statutory direction, the federal court

---

[5] The late Judge Sweet described the MCC, where Mr. Montano-Preciado has spent the majority of his time in detention, as "a pre-trial detainee institution that is not meant for long-term stays" which "houses criminals of all types of offenses together" and is "overcrowded, unsanitary and lack[ing] certain facilities." United States v. Behr, 2006 WL 1586583, at * 5 (S.D.N.Y. 2006).

must impose sentences which are sufficient but "not greater than necessary" to achieve the federal statutory sentencing purposes of just punishment, deterrence, incapacitation, and correctional treatment. 18 USC § 3553(a). And while the sentencing guideline range in this matter is 87 - 108 months, United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005), makes clear that the history and characteristics of the defendant as well as the offense and the guideline range should all be carefully considered by the sentencing judge:

> Prior to Booker/Fanfan, the section 3553(a) requirement that the sentencing judge 'consider' all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met. Now with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to 'consider' numerous factors acquires renewed significance. Crosby, 397 F.3d at 111.

Crosby, 397 F.3d at 111.

Pursuant to Booker/Fanfan, the sentencing judge now has a duty to determine the sentencing guideline range, and to "'consider' it along with all of the factors listed in section 3553(a)." Crosby, 397 F.3d at 112.

In this regard, the defendant's family situation, including the medical diagnosis and symptoms of both of his children, the fact that he is 40 years old and has never before been in trouble with the law, and that he played only a minor role in the offense, all combine to make a sentence of time served one that is "sufficient but not greater than necessary" to achieve the objectives of federal sentencing.

Thank you for your consideration.

Sincerely,

Robert A. Soloway

cc: AUSA Jason Swergold
    (By email and ECF)
RAS:sc
encl.